# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
-------------------------------------------------------------------X

EAST END FUNERAL HOME, INC. and                  Index No.
EAST END GUN HILL LLC,
                                                 **SUMMONS**
                            Plaintiffs,
                                                 Date Filed:
-against-

AMERICAN EUROPEAN INSURANCE
COMPANY,

                            Defendant.
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days of service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of the venue designated is the Plaintiffs' principal place of business, 725 East Gun Hill Road, Bronx, New York.

Dated: Garden City, New York
       January 23, 2019

                                     La REDDOLA, LESTER
                                          & ASSOCIATES, LLP

                                   By: _____
                                         Steven M. Lester
                                         Attorneys for Plaintiff D.R.D.C., Inc.
                                         600 Old Country Road, Suite 224
                                         Garden City, New York 11530
                                         (516) 357-0056

TO:   AMERICAN EUROPEAN INSURANCE
        COMPANY
        c/o New York State Department of Financial Services
        Office of General Counsel
        One State Street
        New York, New York 10004

FILED: BRONX COUNTY CLERK 01/23/2019 03:40 PM INDEX NO. 20947/2019E
NYSCEF DOC. NO. 1                                                                                 RECEIVED NYSCEF: 01/23/2019

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------------------------------------X

EAST END FUNERAL HOME, INC. and            Index No.
EAST END GUN HILL LLC,
                                                               **VERIFIED COMPLAINT**
                              Plaintiffs,

       -against-

AMERICAN EUROPEAN INSURANCE
COMPANY,

                              Defendant.
------------------------------------------------------------------X

Plaintiffs East End Funeral Home Inc. and East End Gun Hill LLC, by their attorneys, La Reddola, Lester & Associates, LLP, for their Complaint against Defendant American European Insurance Company, alleges:

### Nature of this Action

1.  Plaintiffs bring this action for a declaratory judgment pursuant to CPLR § 3001 and for breach of a contract of insurance against the Defendant American European Insurance Company for defense and indemnification coverage under a business owners insurance policy no. BOP 5014419 (the Policy) issued by Defendant to East End Funeral Home.

### The Parties

2.  Plaintiff East End Funeral Home, Inc. is a New York corporation with its principal place of business at 725 East Gun Hill Road, Bronx, New York (the Premises). The Premises consists of a one-story building and an accessory parking lot.

FILED: BRONX COUNTY CLERK 01/23/2019 03:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 20947/2019E
RECEIVED NYSCEF: 01/23/2019

3. As its name indicates, East End Funeral Home operates a family-owned funeral home. East End Funeral Home was formed in 1935, when it started its funeral home operations.

4. East End Gun Hill LLC is a New York limited liability company, also with its principal place of business at the Premises. East End Gun Hill owns the Premises – the building and the parking lot – at which East End Funeral Home operates the funeral home business.

5. Upon information and belief, Defendant American European Insurance Company (AEIC) is an insurance company headquartered in Cherry Hill, New Jersey, and is authorized to do business in the State of New York.

### The Policy

6. AEIC issued the Policy to Plaintiff East End Funeral Home for the term of May 28, 2014 to May 28, 2015. A copy of the Policy is attached as Exhibit 1.

7. In consideration for East End Funeral Home's payment of its premium, AEIC agreed under the Policy to pay amounts for which East End Funeral Home becomes liable because of personal injuries to which the Policy applies:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We [AEIC] will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. (Policy, Exhibit 1, Section II.A.1.a., at p. 30 of 48).

8. The Policy applies to bodily injury or property damage caused by an occurrence during the policy period:

This insurance applies:

    (1) To "bodily injury" and "property damage" only if:

        (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory'";

        (b) The "bodily injury" or "property damage" occurs during the policy period; and

        (c) [The insured had no] notice of an "occurrence" or claim, [or] knew that the "bodily injury" or "property damage" had occurred, in whole or in part. (*Id.*)

9. "Bodily injury" under the Policy "means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Policy, Exhibit 1, Section II.F.3., at p. 42 of 48).

10. "Occurrence" under the Policy "means an accident, including continuous or repeated exposure to substantially the same general harmful condition." (*Id.*, Section II.F.13., at p. 43 of 48).

11. "Coverage territory" includes the "United States of America (including its territories and possessions), Puerto Rico and Canada; ...." (*Id.*, Section II.F.4.a., at p. 42 of 48).

12. Policy Section II.C. addresses who is an insured under the Policy. It provides:

    C. Who Is An Insured

        1. If you are designated in the Declarations as:

            \* \* \*

    c.    A limited liability company, your are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders. (*Id.*, Section II.C.1., at p. 39 of 48).

### Transfer of the Premises from East End Funeral Home to East End Gun Hill

13.    East End Funeral Home, Inc. was incorporated in 1935, over 80 years ago. The family-owned funeral home business has been owned and operated by members of the Cinquemani family for three generations.

14.    East End Funeral Home is currently owned by Frank Cinquemani and his cousin, Angela Cinquemani.

15.    Upon the advice of legal counsel, the owners of East End Funeral Home formed East End Gun Hill LLC in November 1999.

16.    East End Gun Hill LLC, just like East End Funeral Home, Inc., is owned by Frank Cinquemani and his cousin, Angela Cinquemani.

17.    Upon further advice of legal counsel, in January 2001, title to the Premises was transferred from East End Funeral Home, Inc. to East End Gun Hill LLC.

18.    The Premises is East End Gun Hill LLC's only asset.

19.    Upon information and belief, because of an oversight by either East End Funeral Home and/or its insurance agent, The Whitmore Agency, LLC, AEIC was not informed of the

transfer of title of the Premises from East End Funeral Home to East End Gun Hill so that East End Gun Hill could be added as an insured to the Policy.

### The Hull Claim

20. On October 24, 2017, Mr. Willie Hull commenced an action in Supreme Court, Bronx County, captioned *Willie Hull v. East End Gun Hill LLC, et al.*, Index No. 30046/2017E (the Hull Action). A copy of the Amended Verified Complaint (the Complaint) in the Hull Action is attached as Exhibit 2.

21. Hull alleges a personal injury that resulted from a slip and fall at the parking lot portion of the Premises on January 28, 2015 (the Hull Claim).

22. The Hull Action names as a defendant East End Gun Hill LLC because it is the record owner of the Premises. The Hull Action does not name East End Funeral Home as a defendant.

### The Hull Claim Alleges Bodily Injury Resulting from an Occurrence During the Policy Period in the Coverage Territory Such That the Policy Obligates AEIC to Defend and Indemnify

23. The Complaint in the Hull Action alleges that Willie Hull suffered "bodily injury" as that term is defined in the Policy. Specifically, the Complaint alleges, among other things, that Hull "was caused to sustain serious and severe personal injuries due to the ... negligence of the defendants ...." (Exhibit 2, ¶ 14).

24. The Complaint in the Hull Action further alleges that Hull's bodily injuries likely were caused by an "occurrence" as that term is defined in the Policy. Although the Complaint does not specifically allege that Hull sustained his bodily injury as a result of a slip and fall,

- 5 -

Hull's allegations that the defendants failed to keep the parking lot portion of the Premises "free of snow, ice, and to remove same in a careful and prudent manner so as to prevent same from becoming uneven, irregular, slippery, icy, hazardous and trap-like so that all persons might travel over same in safety" (Exhibit 2, ¶ 7) leads to the reasonable conclusion that Hull's injuries were caused by a slip and fall.

25. The Complaint in the Hull Action further alleges that the occurrence took place during the policy period. Specifically, the Complaint alleges that "on or about January 28, 2015 while plaintiff was lawfully and legally on said premises ... plaintiff was caused to sustain serious and severe personal injuries ...." (Exhibit 2, ¶ 14). January 28, 2015 is during the policy period, which ran from May 24, 2014 to May 24, 2015. (*See* Exhibit 1, Declarations Page of Policy at first page).

26. In addition, neither East End Funeral Home nor East End Gun Hill had notice of the occurrence or claim, or knew that Willie Hull suffered a bodily injury.

27. Therefore, under the Policy, AEIC agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We [AEIC] will have the right and duty to defend the insured against any "suit" seeking those damages."

**AEIC Denies Defense and Indemnification for the Hull Claim**

28. Upon being served with the Summons and Complaint in the Hull Action, East End Funeral Home and East End Gun Hill notified and forwarded to AEIC the Hull Claim for defense and indemnification under the Policy.

Case 7:19-cv-01410-KMK Document 4-1 Filed 02/15/19 Page 9 of 13
FILED: BRONX COUNTY CLERK 01/23/2019 03:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 20947/2019E
RECEIVED NYSCEF: 01/23/2019

29. Although East End Funeral Home and East End Gun Hill have complete identity of ownership, and the transfer of the Premises from East End Funeral Home to East End Gun Hill was a mere change in the form of ownership of the Premises, AEIC nevertheless denied coverage of the Hull Claim.

30. By letter dated November 21, 2017, AEIC denied its obligation to defend and indemnify East End Gun Hill for the Hull Claim on the ground that the named defendant in the Hull Action is not East End Funeral Home, the listed insured on the Policy, but rather East End Gun Hill.

31. By letter dated December 10, 2018, counsel for East End Gun Hill and East End Funeral Home renewed its request that AEIC defend and indemnify East End Gun Hill for the Hull Claim. In the letter, counsel for East End Gun Hill stated (i) that where the intent to cover the risk insured against is clear, AEIC should not rigidly apply the name of the insured on the policy as the sole factor to consider in determining who was the intended insured; and (ii) AEIC's denial of coverage for the Hull Claim is not consistent with the reasonable expectation and purpose of the ordinary insurance consumer in contracting for the Policy.

32. AEIC's counsel responded by letter dated January 10, 2019 that AEIC's denial of coverage was proper because (i) East End Gun Hill is not an insured under the Policy, and (ii) the Hull Claim allegedly arose from Mr. Hull's leasing of a parking space at the Premises's parking lot, and not from a visit to the funeral home business.

33. Plaintiffs challenge AEIC's denial of coverage for the Hull Claim as a breach of the Policy.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

34. Plaintiffs repeat the allegations contained in paragraphs 1-33 above, as if fully set forth herein.

35. By reason of the foregoing, Plaintiffs are entitled to a declaratory judgment pursuant to CPLR § 3001 that:

    A. AEIC has wrongfully disclaimed and denied liability on its Policy issued to East End Funeral Home with respect to the Hull Claim; and

    B. AEIC is obligated under the Policy to defend Plaintiffs in the Hull Action and to indemnify Plaintiffs with respect to any liability arising out of the Hull Claim.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

36. Plaintiffs repeat the allegations contained in paragraphs 1-35 above, as if fully set forth herein.

37. The Policy is a contract between Plaintiffs and AEIC.

38. AEIC breached the Policy by failing to afford coverage to the Plaintiffs or provide a defense and indemnify Plaintiffs with respect to the Hull Claim.

39. By reason of the foregoing, Plaintiffs have been damaged in an amount to be proven at trial, but not less than $100,000.00.

WHEREFORE, Plaintiffs demand judgment:

A. On the First Cause of Action, for a declaratory judgment pursuant to CPLR § 3001 that:

1. AEIC has wrongfully disclaimed and denied liability on its Policy issued to East End Funeral Home with respect to the Hull Claim; and

2. AEIC is obligated under the Policy to defend Plaintiffs in the Hull Action and to indemnify Plaintiffs with respect to any liability arising out of the Hull Claim.

B. On the Second Cause of Action, in an amount to be proven at trial, but not less than $100,000.00; and

C. Granting such other a further relief as this Court deems just and proper.

Dated: Garden City, New York
January 23, 2019

                                          La REDDOLA, LESTER
                                          & ASSOCIATES, LLP

By: _____
Steven M. Lester
Attorneys for Plaintiffs
600 Old Country Road, Suite 230
Garden City, New York 11530
(516) 357-0056

## ATTORNEY VERIFICATION

STEVEN M. LESTER, affirms the following under the penalties of perjury:

That he is an attorney duly admitted to practice in the State of New York and that he is the attorney for the Plaintiffs in this action and that the foregoing Verified Complaint is true to his own knowledge, except as to matters therein stated upon information and belief, and as to those matters, he believes them to be true and that the grounds of his belief as to matters not stated upon his knowledge are: correspondence and other writings furnished by Plaintiffs and conversations with Plaintiffs officers; and that the reason why the Verification is not made by Plaintiffs is that Plaintiffs do not maintain their offices in Nassau County.

Dated: Garden City, New York
January 23, 2019

*(signature)*

STEVEN M. LESTER

FILED: BRONX COUNTY CLERK 01/23/2019 03:40 PM
NYSCEF DOC. NO. 1
INDEX NO. 20947/2019E
RECEIVED NYSCEF: 01/23/2019

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

EAST END FUNERAL HOME, INC. and
EAST END GUN HILL LLC,

                          Plaintiffs,

    -against-

AMERICAN EUROPEAN INSURANCE
COMPANY,

                          Defendant.

---

### SUMMONS AND VERIFIED COMPLAINT

---

**La Reddola, Lester & Associates, LLP**
Attorneys at Law

*(signature)*

**Steven M. Lester**
(Rule 130.1-1a)
*Attorneys for Plaintiffs*
600 Old Country Road - Suite 230
Garden City, NY 11530
(516) 357-0056

---

To:
Attorney(s) for

Service of a copy of the within                       is hereby admitted.
Dated:

                                        Attorney(s) for