```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EAST END FUNERAL HOME, INC. and EAST                        :
END GUN HILL, LCC.,                                         :
                                                            :
                             Plaintiffs,                    :      19 Civ. 1410 (LGS)
                                                            :
                   -against-                                :      OPINION AND ORDER
                                                            :
AMERICAN EUROPEAN INSURANCE                                 :
COMPANY,                                                    :
                                                            :
                             Defendant.                     :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs East End Funeral Home, Inc. ("East End Inc.") and East End Gun Hill LLC ("East End LLC") bring this action against Defendant American European Insurance Company ("AEIC"), seeking a declaratory judgment pursuant to CPLR § 3001 and asserting breach of an insurance contract, based on Defendant's refusal to provide defense and indemnification under a business owners insurance policy, No. BOP 5014419 (the "Policy"). Defendant brings this motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion is granted.

I.  **BACKGROUND**

The following facts are drawn from the Complaint and relevant Policy documents, which may be considered on a motion to dismiss under Rule 12(b)(6) because the Complaint "relies heavily on [their] terms and effect." *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The facts alleged in the Complaint are assumed to be true for purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

East End Inc. is a family-owned New York corporation, formed in 1935, with its principal place of business in the Bronx, New York (the "Premises"). The Premises consist of a one-story

building and parking lot.  East End Inc. is currently owned by Frank Cinquemani and his cousin, Angela Cinquemani (the "Owners").  In 1999, the Owners formed East End LLC, a New York limited liability company, also with its principal place of business at the Premises.  The Owners also own East End LLC.  In January 2001, East End Inc. transferred title of the Premises to East End LLC.  East End Inc. operates a funeral home business at the Premises.  The Premises is East End LLC's only asset.

Defendant is an insurance company headquartered in New Jersey and authorized to do business in the State of New York.  Defendant issued the Policy to East End Inc. for a term of May 28, 2014, to May 28, 2015 (the "Policy Period").  The sole named insured under the Policy is East End Inc., described as a "corporation," per the "Businessowners Declarations" accompanying the Policy.  The Policy also states under the heading "Who is An Insured":

1. If you are designated in the Declarations as:

   a. An individual . . . .
   b. A partnership or joint venture, you are an insured.  Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.
   c. A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.
   d. An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

   (. . .)

   No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

The Complaint alleges that, according to an oversight by either East End Inc. and/or its insurance agent, Defendant was not informed of the transfer of title of the Premises, such that East End LLC could have been, but was not, added as an Insured to the Policy.

On October 24, 2017, an action was commenced in Supreme Court, Bronx County, alleging personal injury resulting from a slip and fall in the parking lot of the Premises (the "State Claim"). The State Claim names only East End LLC as defendant because East End LLC owns the Premises. Plaintiff in the State Claim ("State Plaintiff") alleges that he suffered "bodily injury" resulting from an "occurrence," as those terms are defined in the Policy, and that the occurrence took place during the Policy Period. Under the Policy, Defendant agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which [the Policy] applies. We [AEIC] will have the right and duty to defend the insured against any 'suit' seeking those damages."

After being served with the State Claim, Plaintiffs forwarded it to Defendant for defense and indemnification under the Policy. By letter dated November 21, 2017, Defendant denied coverage to East End LLC for the State Claim, on the ground that the named defendant in the State Claim was not East End Inc., the Named Insured on the Policy, but rather East End LLC. By letter dated December 18, 2018, Plaintiffs renewed their request that Defendant defend and indemnify East End LLC for the State Claim. Defendant responded by letter dated January 10, 2019, stating that its denial of coverage was proper because (1) East End LLC was not an Insured under the Policy and (2) the State Claim allegedly arose from State Plaintiff's leasing of a parking space in the parking lot at the Premises, and not from a visit to the funeral home business. After Plaintiffs filed a summons and complaint in state court on January 23, 2019, Defendants properly removed this action on February 14, 2019.

## II. STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers, New York*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendant's motion to dismiss is granted because East End LLC is not covered by the Policy. Under New York law, "the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." *Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 97 N.E.3d 711, 712 (N.Y. 2018). "In determining a dispute over insurance coverage, we first look to the language of the policy." *Id*. "As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning." *Id*. at 712-13 (internal quotation marks omitted). "If a provision is ambiguous, such as when it may reasonably be interpreted in two conflicting manners, it must be resolved in favor of the insured and against the insurer who drafted the contract." *State Farm Mut. Auto. Ins. Co. v. Glinbizzi*, 780 N.Y.S.2d 434, 436 (3d Dep't 2004) (citing *Mostow v. State Farm Ins. Companies*, 668 N.E.2d 392, 393 (N.Y. 1996)). "[P]rovisions in a contract are not ambiguous merely because the parties interpret

4

them differently." *Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 668 N.E.2d 404, 406 (N.Y. 1996). "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech." *Mostow*, 668 N.E.2d at 394 (internal citation omitted). "[A] contract is not ambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016) (internal quotation mark omitted).

  Here, the Policy lists East End Inc. as the only Insured and "corporation" as the type of business covered under the Policy. The Policy states that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations." The Policy is unambiguous (1) as to which entities are listed as named Insureds -- only East End Inc. -- and (2) that East End LLC *does not* qualify as a named Insured, since East End LLC is not listed in the Declarations. *See Gilbane Bldg. Co./TDX Constr. Corp.*, 97 N.E.3d at 712 (affirming summary judgment in favor of defendant, where the insurance policy's terms required a written contract between the named insured an additional insured and no such written contract was present); *Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 37 N.E.3d 78, 81 (N.Y. 2015) (concluding that the language of an insurance rider unambiguously applied to losses incurred from unauthorized access to plaintiff's computer system, where the "[t]he intentional word placement of 'fraudulent' before 'entry' and 'change' manifest[ed] the parties' [specific] intent.").

Plaintiffs argue that, in interpreting the parties' reasonable expectations, the Court should consider that East End Inc. procured the Policy to protect against risk, including defense and indemnification for a personal injury claim at the Premises, notwithstanding the transfer of title from East End Inc. to East End LLC. Plaintiffs argue that East End Inc.'s name as the Insured on the Policy is not dispositive of whether the Policy was meant to cover East End LLC, where there is an "identity of ownership" between East End Inc., as the operating entity, and East End LLC, as the entity which owns the real estate, and where there was no change in the use or occupancy of the Premises during the time the Policy was in effect.

While the Court is sympathetic to these arguments, the average insured could not reasonably expect the Policy to cover East End LLC, where the Policy clearly states that East End Inc. is the only covered entity, "corporation" is listed as the only type of covered business and the Policy contains unambiguous language stating that "[n]o person or organization is an insured . . . that is not shown as a Named Insured in the Declarations." Any other interpretation of the Policy would be contrary to clearly established New York law governing the interpretation of insurance contracts. *See Gilbane Bldg. Co./TDX Constr. Corp.*, 97 N.E.3d at 713 (rejecting the argument that the average insured would understand the word "with" to have no meaning, and noting that "contracting parties who desire [a different conclusion] . . . [should] remove the word 'with' from their future contracts"); *Sanabria v. Am. Home Assur. Co.*, 68 N.Y.2d 866, 868, 501 N.E.2d 24 (N.Y. 1986) (concluding that -- because the terms of the insurance policy unambiguously included municipal entities as insureds and other named persons and organizations as additional insureds -- the municipality had no obligation to defend or indemnify individual police officers who were not named in the policy); *see also Reiff v. Reiff*, 836 N.Y.S.2d 119, 120 (1st Dep't 2007) ("[E]xtrinsic evidence cannot be used to create an ambiguity

when the contract itself is clear." (citing *W.W.W. Assoc. v. Giancontieri*, 566 N.E.2d 639, 642 (N.Y. 1990)). That Plaintiffs have known East End LLC is a separate legal entity since 2001 and have procured insurance policies multiple times since then further strengthens this conclusion.

Finally, while some cases cited by Plaintiffs suggest that New York courts have accommodated exceptions for an unnamed insured in certain circumstances, these cases are distinguishable; none of them involve two separately formed corporate entities and a policy that unambiguously insures only one entity. *See Laura Accessories, Inc. v. Travelers Ins. Co.*, 67 A.D.2d 638, 639, 412 N.Y.S.2d 151 (1st Dep't 1979) (concluding that summary judgment for defendant was premature, where the names "Marino Express and Marino Express, Inc." were used interchangeably when referring to the business in question and there was *only one* legal entity); *Crivella v. Transit Cas. Co.*, 116 A.D.2d 1007, 1008, 498 N.Y.S.2d 627 (4th Dep't 1986) (allowing plaintiff to reform an insurance policy where, through "innocent mistake, the nature of the ownership of the property to be insured [was] misdescribed" and defendant did not assert *any reason* for opposing the reformation); *Butler v. The Automobile Insurance Company of Hartford Connecticut d/b/a Travelers Insurance Company*, Index No. 603603/2004, slip op. at 4 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 11, 2006) (finding that "under the [case's] particular circumstances," defendant insurer had a duty to defend and indemnify an unnamed limited partnership and two individuals under the individuals' homeowners policy, where all three were named in a separate lawsuit, noting that the two individuals "purchased such insurance *to protect them[selves]* [from personal liability] in the event of an accident" (emphasis added)). Accordingly, Plaintiffs' breach of contract and declaratory judgment claims are dismissed. *See Jet Drive Gen. Marine Mfg. Co. v. Scottsdale Ins. Co.*, No. 19 Civ. 1886, 2019 WL 6790939, at *5 (S.D.N.Y. Dec. 11,

2019) (dismissing both breach of contract and declaratory judgment claims where the underlying basis for the declaratory judgement, the contract claim, was without merit).

IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 20 and close the case.

Dated: March 26, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**